UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 17-097-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BENJAMEN B. NESBITT, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Benjamen Nesbitt's *pro se* motion for relief from a judgment or order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Nesbitt also asks the Court to direct the United States Probation Office to amend his presentence report to reflect the deduction of "status points" pursuant to Amendment 821 to the United States Sentence Guidelines. The motion will be denied for the reasons outlined below.

I.

In September 2023, the United States Sentencing Commission ("USSC") provided this Court a list of incarcerated defendants who were likely eligible for a sentence reduction pursuant to the retroactive application of Amendment 821 to the United States Sentencing Guidelines. *See* U.S. Sent'g Comm'n, Guidelines Manual §1B1.10(d) (Nov. 2023); 18 U.S.C. § 3582(c)(2). Defendant Nesbitt was named among those eligible for a sentence reduction pursuant to Amendment 821 (Part A).

For defendants like Nesbitt who were identified by the USSC and did not otherwise file a motion for a sentence reduction, the Court initiated a review *sua sponte*. Consistent with the Court's General Order 23-21, the United States Probation Office for the Eastern District of Kentucky prepared an analysis regarding Nesbitt's eligibility for a retroactive sentence reduction. The Court directed that the report be shared with both Nesbitt and the United States. The United States subsequently filed a memorandum opposing a sentence reduction and Nesbitt filed a *pro se* response arguing that his sentence should be reduced.

The undersigned entered a Notice on February 7, 2024, which detailed the findings of the Court's self-initiated consideration of a sentence reduction for Defendant Nesbitt. The filing provided notice that the Court "does not intend to take unilateral action to reduce the defendant's sentence of incarceration." A copy of that Notice was provided to Defendant Nesbitt.

## II.

Nesbitt's motion is styled as a request for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits the Court to grant relief from a judgment or order on a variety of grounds or "any other reason that justifies relief." However, the rule is not applicable to criminal proceedings. *United States v. Falkowski*, 2021 WL 3671159, at *2 (6th Cir. June 4, 2021). Regardless, Nesbitt does not identify any reason he believes that he is entitled to relief based on the Notice.

The majority of Nesbitt's motion is devoted to an argument concerning his presentence investigation report ("PSR"). Specifically, he contends that his PSR should be amended to reflect the change effected by Amendment 821, *i.e.*, that his "status points" are omitted and his Criminal History Category drops to III. Nesbitt reports that this document is often used as a

source of information and plays an important role in determining his classification within his institution of confinement.

This Court, like any other federal court, is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). It has only the authority vested by the Constitution and the laws passed by Congress. *Id.* So when the Court receives a request for relief, there must be some source of authority before relief may be granted. The defendant cites a single unpublished opinion from the United States District Court for the Southern District of West Virginia. *United States v. Hernandez*, 2023 WL 7238491 (S.D. W.Va. Nov. 2, 2023). In that case, the court denied the defendant's motion for a sentence reduction pursuant to Amendment 821 (Part A), but directed the United States Probation Office to amend the defendant's presentence report to reflect the deduction of status points and the resulting reduction to his criminal history category. The court did not cite any authority for its decision to amend the PSR.

This Court has reviewed the Federal Rules of Criminal Procedure and applicable case law and finds no authority to amend the PSR under these circumstances. *See United States v. Passley*, 2024 WL 1640016 (E.D.N.Y Apr. 16, 2024); *United States v. Mills*, 2022 WL 17540996, at *1-2 (E.D. Mich. Dec. 8, 2022) (discussing the district court's lack of authority to order a post-sentencing modification of the presentence report); *United States v. Taneja*, 2022 WL 2815163, at *1-2 (E.D. Tenn. July 18, 2022) (same). *See also United States v. Horne*, 2019 WL 5103112 (W.D. Penn. Oct. 11, 2019) (discussing potential avenues for seeking amendment of a PSR, none of which appear to apply here).

Based on the foregoing analysis, it is hereby

**ORDERED** that the defendant's motion [Record No. 108] is **DENIED**.

- 4 -

Dated: May 21, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky